IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

MALIBU MEDIA, LLC,                    )
                                      )
                    Plaintiff,        )
                                      )
        v.                            )
                                      )    No.: 1:15-cv-10707
NEILL JACOBSON,                       )
                                      )    Assigned Judge: Rebecca R.
                                      )                    Pallmeyer
                    Defendant.        )    Designated Magistrate Judge:
                                      )    Geraldine Soat Brown
                                      )
                                      )    **DEFENDANT DEMANDS TRIAL**
                                      )    **BY JURY**

### ANSWER TO PLAINTIFFS' AMENDED COMPLAINT

Defendant, NEILL JACOBSON, by his attorney, JAMES M. KELLY,

respectfully submits his Answer to Plaintiffs' Amended Complaint:

### <u>Introduction</u>

1.      This matter arises under the United States Copyright Act of 1976, as amended, 17

U.S.C. §§101 et seq. (the "Copyright Act").

    **<u>ANSWER:</u>**    Defendant denies the allegations contained in Paragraph 1.

2.      Defendant is a persistent online infringer of Plaintiff's copyrights. Indeed,

Defendant's IP address as set forth on Exhibit A was used to illegally distribute each of

the copyrighted movies set forth on Exhibit B.

    **<u>ANSWER:</u>**    Defendant denies the allegations contained in Paragraph 2.

3.      Plaintiff is the registered owner of the copyrights set forth on Exhibit B (the

"Copyrights-in-Suit").

    **<u>ANSWER:</u>**    Defendant has insufficient knowledge to affirm or deny the

allegations contained in Paragraph 3.

1

## Jurisdiction and Venue

4.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C.

§1331 (federal question); and 28 U.S.C. §1338 (patents, copyrights, trademarks and

unfair competition).

     **ANSWER:** Defendant admits the allegations contained in Paragraph 4.

5.     Plaintiff used proven IP address geolocation technology which has consistently

worked in similar cases to ensure that the Defendant's acts of copyright infringement

occurred using an Internet Protocol address ("IP address") traced to a physical address

located within this District, and therefore this Court has personal jurisdiction over the

Defendant because (i) Defendant committed the tortious conduct alleged in this Amended

Complaint in this State, and (ii) Defendant resides in this State and/or (iii) Defendant has

engaged in substantial and not isolated business activity in this State

     **ANSWER:** Defendant denies the allegations contained in Paragraph 5.

6.     Based upon experience filing over 1,000 cases the geolocation technology used by

Plaintiff has proven to be accurate to the District level in over 99% of the cases.

     **ANSWER:** Defendant has insufficient knowledge to affirm or deny the

allegations contained in Paragraph 6.

7.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c), because:

(i) a substantial part of the events or omissions giving rise to the claims occurred in this

District; and, (ii) the Defendant resides (and therefore can be found) in this District and

resides in this State; additionally, venue is proper in this District pursuant 28 U.S.C. §

1400 (a) (venue for copyright cases) because Defendant or Defendant's agent resides or

may be found in this District.

     **ANSWER:** Defendant has insufficient knowledge to affirm or deny the

allegations contained in Paragraph 7.

**Parties**

8.      Plaintiff, Malibu Media, LLC, (d/b/a "X-Art.com") is a limited liability company

organized and existing under the laws of the State of California and has its principal place

of business located at 409 W. Olympic Blvd., Suite 501, Los Angeles, CA, 90015.

      **ANSWER:**  Defendant has insufficient knowledge to affirm or deny the

allegations contained in Paragraph 8.

9.      Defendant, Neill Jacobson, is an individual residing at 514 Uvedale Road,

Riverside, IL 60546.

      **ANSWER:**  Defendant denies the allegations contained in Paragraph 9.

**Factual Background**

I.      _Defendant Used the BitTorrent File Distribution Network to Infringe Plaintiff's_
      _Copyrights_

10.      The BitTorrent file distribution network ("BitTorrent") is one of the most

common peer-to-peer file sharing systems used for distributing large amounts of data,

including, but not limited to, digital movie files.

      **ANSWER:**  Defendant has insufficient knowledge to affirm or deny the

allegations contained in Paragraph 10.

11.      BitTorrent's popularity stems from the ability of uses to directly interact with

each other in order to distribute a large file without creating a heavy load on any

individual source computer and/or network. The methodology of BitTorrent allows users

to interact directly with each other, thus avoiding the need for intermediary host websites,

which are subject to DMCA take down notices and potential regulatory enforcement

actions.

      **ANSWER:**  Defendant has insufficient knowledge to affirm or deny the

allegations contained in Paragraph 11.

3

12.     In order to distribute a large file, the BitTorrent protocol breaks a file into many small pieces. Users then exchange these small pieces amount each other instead of attempting to distribute a much larger digital file.

**ANSWER:**  Defendant has insufficient knowledge to affirm or deny the allegations contained in Paragraph 12.

13.     After the infringer receives all of the pieces of a digital media file, the infringer's BitTorrent client software reassembles the pieces so that the file may be opened and utilized.

**ANSWER:**  Defendant has insufficient knowledge to affirm or deny the allegations contained in Paragraph 13.

14.     Each piece of a BitTorrent file is assigned a unique cryptographic hash value.

**ANSWER:**  Defendant has insufficient knowledge to affirm or deny the allegations contained in Paragraph 14.

15.     The cryptographic has value of the piece ("piece hash") acts as that piece's unique digital fingerprint. Every digital file has one single possible cryptographic has value correlating to it. The BitTorrent protocol utilizes cryptographic has values to ensure each piece is properly routed amongst BitTorrent users as they engage in file sharing.

**ANSWER:**  Defendant has insufficient knowledge to affirm or deny the allegations contained in Paragraph 15.

16.     The entirety of the digital media file also has a unique cryptographic hash value ("file has"), which acts as a digital fingerprint identifying the digital media file (e.g. a movie). Once infringers complete downloading all pieces which comprise a digital media file, the BitTorrent software uses the file hash to determine that the file is complete and accurate.

**ANSWER:** Defendant has insufficient knowledge to affirm or deny the

allegations contained in Paragraph 16.

17.    Plaintiff's investigator, Excipio GmbH ("Excipio") established a direct TCP/IP

connection with the Defendant's IP address as set forth on Exhibit A.

**ANSWER:** Defendant denies the allegations contained in Paragraph 17.

18.    Excipio downloaded from Defendant one or more pieces of each of the digital

media files identified by the file hashes listed on Exhibit A.

**ANSWER:** Defendant denies the allegations contained in Paragraph 18.

19.    A full copy of each digital media file was downloaded from the BitTorrent file

distribution network, and it was confirmed through independent calculation that the file

hash correlating to each file matched what is listed on Exhibit A. At no point was

Plaintiff's copyrighted content uploaded to any other BitTorrent user.

**ANSWER:** Defendant denies the allegations contained in Paragraph 19.

20.    Each digital media file as identified by the file hash listed on Exhibit A correlates

to a copyrighted film owned by Plaintiff, as set forth on Exhibit B.

**ANSWER:** Defendant denies the allegations contained in Paragraph 20.

21.    Further, each digital media file as identified by the file hash listed on Exhibit A

has been verified to be a copy that is identical (or alternatively, strikingly similar or

substantially similar) to Plaintiff's corresponding original work.

**ANSWER:** Defendant denies the allegations contained in Paragraph 21.

22.    Plaintiff owns the copyrights to the original works (the "Copyrights-in-Suit"). An

overview of the Copyrights-in-Suit, including each hit date, date of first publication,

registration date, and registration number issued by the United States Copyright Office is

set forth on Exhibit B.

**ANSWER:** Defendant denies the allegations contained in Paragraph 22.

5

23.     Defendant downloaded, copied, and distributed a complete copy of Plaintiff's works without authorization as enumerated on Exhibit A.

    **ANSWER:**  Defendant denies the allegations contained in Paragraph 23.

24.     Excipio connected, over a course of time, with Defendant's IP address for each digital media file identified by the has value as listed on Exhibit A. The most recent TCP/IP connection between Excipio and the Defendant's IP address for each file hash value listed on Exhibit A is included within the column labeled Hit Date UTC. UTC refers to Universal Time which is utilized for air traffic control as well as for computer forensic purposes.

    **ANSWER:**  Defendant denies the allegations contained in Paragraph 24.

25.     Plaintiff's evidence establishes that Defendant is a habitual and persistent BitTorrent user and copyright infringer.

    **ANSWER:**  Defendant denies the allegations contained in Paragraph 25.

**Miscellaneous**

26.     All conditions precedent to bringing this action have occurred or been waived.

    **ANSWER:**  Defendant denies the allegations contained in Paragraph 26.

27.     Plaintiff has retained counsel and is obligated to pay said counsel a reasonable fee for its services.

    **ANSWER:**  Defendant has insufficient knowledge to affirm or deny the allegations contained in Paragraph 27.

**COUNT I**
**Direct Infringement Against Defendant**

28.     The allegations contained in paragraphs 1-27 are hereby re-alleged as if fully set forth herein.

6

**ANSWER:** Defendant avers the same responses to Paragraphs 1-27 as if re-alleged.

29. Plaintiff is the owner of the Copyrights-in-Suit, as outlined in Exhibit B, each of which covers an original work of authorship.

**ANSWER:** Defendant has insufficient knowledge to affirm or deny the allegations contained in Paragraph 29.

30. By using BitTorrent, Defendant copied and distributed the constituent elements of each of the original works covered by the Copyrights-in-Suit.

**ANSWER:** Defendant denies the allegations contained in Paragraph 30.

31. Plaintiff did not authorize, permit or consent to Defendant's distribution of its works.

**ANSWER:** Defendant denies the allegations contained in Paragraph 31.

32. As a result of the foregoing, Defendant violated Plaintiff's exclusive right to:

(A) Reproduce the works in copies, in violation of 17 U.S.C. §§106(1) and 501;

(B) Redistribute copies of the works to the public by sale or other transfer of ownership, or by rental, lease or lending, in violation of 17 U.S.C. §§106(3) and 501;

(C) Perform the copyrighted works, in violation of 17 U.S.C. §§106(4) and 501, by showing the works' images in any sequence and/or by making the sounds accompanying the works audible and transmitting said performance of the works, by means of a device or process, to members of the public capable of receiving the display (as set forth in 17 U.S.C. § 101's definitions of "perform" and "publically" perform); and

(D) Display the copyrighted works, in violation of 17 U.S.C. §§ 106(5) and 501, by showing individual images of the works nonsequentially and transmitting said

display of the works by means of a device or process to members of the public capable of receiving the display (as set forth in 17 U.S.C. § 101' definition of "publically" display).

**ANSWER:** Defendant denies the allegations contained in Paragraph 32 and all subparts contained in Paragraph 32.

33. Defendant's infringements were committed "willfully" within the meaning of 17 U.S.C. §504(c)(2).

**ANSWER:** Defendant denies the allegations contained in Paragraph 33.

Defendant respectfully requests that this Court dismiss this action and award Defendant's costs of suit and any other relief this Court deems just and proper.


NEILL JACOBSON, Defendant


By: _____*/s/ James M. Kelly*_____
JAMES M. KELLY, Attorney at Law

James M. Kelly
JAMES KELLY LAW FIRM
4801 N. Prospect Rd.
Peoria Heights, IL 61616
Phone (309) 679-0900
Fax (309) 679-0919

8

**PROOF OF SERVICE**

The undersigned certifies that on May 12, 2016 all counsel of record were served with a copy of the foregoing document at their respective addresses by the identified method:

To:     Mary K. Schulz, Esq.
        1144 E. State Street, Suite A260
        Geneva, IL 60134

_____          Deposit in the U.S. Mail
_____          Overnight Delivery
____X____          E-File
_____          Hand Delivery


_____/s/ James M. Kelly_____
                James M. Kelly




James M. Kelly
JAMES KELLY LAW FIRM
4801 N. Prospect Rd.
Peoria Heights, IL  61616
Phone (309) 679-0900
Fax (309) 679-0919